STEPHEN N. DRATCH, ESQ. (002191973)
FRANZBLAU DRATCH
A Professional Corporation
354 Eisenhower Parkway
Livingston, New Jersey 07039
(973) 992-3700
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL KIM, As Administrator Ad Prosequendum for the Estate of Sarah Y. Kim, Deceased,<br><br>        Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, BEATRIZ M. GARCIA, PLYMOUTH ROCK ASSURANCE COMPANY, GEICO INDEMNITY COMPANY, and JOHN DOES 1-5 and XYZ CORPS. 1-5,<br><br>        Defendants. | **COMPLAINT** |

Plaintiff, Paul Kim, (hereinafter referred to as "Plaintiff" or "Kim"), brings this Complaint against the defendants, United States of America, (hereinafter referred to as "USA"), Beatriz M. Garcia, (referred to as "Garcia"), Plymouth Rock Assurance Company, (hereinafter referred to as "Plymouth Rock"), Geico Indemnity Company, (hereinafter referred to as "Geico"), John Does 1-5 (said names being fictitious) and XYZ Corps. 1-5 (said names being fictitious), and state as follows.

00191183 - 1

## NATURE OF THE ACTION

1. Paul Kim ("Kim") resides at 157-16 17th Road, 2nd Floor, Whitestone, NY 111357.  Kim is the duly appointed administrator ad prosequendum for the Estate of Sarah Y. Kim (hereinafter referred to as "the decedent").

2. On February 9, 2019 at approximately 4:00 p.m., in the Town of Ridgefield, New Jersey, plaintiff's decedent was struck by a car owned and operated by the defendant Garcia.

3. At the time of the aforesaid accident non-party Cynthia I. Travieso-Arce, a United States Postal Service employee, illegally parked her U.S. Postal Service truck in a no parking zone and accordingly obstructed the decedent's ability to see and observe oncoming traffic.  Likewise the illegal and improper parking of the U.S. Postal Service truck by Cynthia I. Travieso-Arce also interfered and obstructed the view of motor vehicles, including but not limited to, defendant Garcia.

4. On February 9, 2019 plaintiff's decedent sustained catastrophic personal injuries which resulted in her death on February 15, 2019.

5. At the time of the accident plaintiff's decedent was a member of her parents' household.

6. Plaintiff brings this action seeking money damages for the pain and suffering to the plaintiff's decedent (the survivor action) and for wrongful

death (the wrongful death action).

## **PARTIES**

7.     Paul Kim ("Kim") is the duly appointed administrator ad prosequendum

for the Estate of Sarah Ye Eun Kim (hereinafter referred to as

"decedent").  Paul Kim resides at 157-16 17th Road, 2nd Floor, Whitestone,

NY 111357.  Kim is the decedent's brother.

8.     The defendant, United States of America, (hereinafter referred to as

"USA") is the government of the United States and in accordance with the

Federal Tort Claims Act ("FTCA") is the responsible party for the

negligence committed by non-party Cynthia I. Travieso-Arce and the

United States Postal Service ("USPS").

9.     The defendant, Beatriz M. Garcia, (referred to as "Garcia") resides at 669

Monroe Place, Ridgefield, New Jersey, 07657.

10.    The defendant, Plymouth Rock Assurance, (hereinafter referred to as

"Plymouth Rock"), is an insurance company authorized to conduct

business in the State of New Jersey with an address at P.O. Box 902,

Lincroft, New Jersey.  The defendant, Plymouth Rock, issued an

automobile insurance policy to the decedent's parents which provided

insurance coverage to the decedent.

11.    The defendant, Geico Indemnity Company, (hereinafter referred to as

"Geico"), is an insurance company authorized to conduct business in the

State of New Jersey with an address at P.O. Box 9510, Fredericksburg, VA 22403.  At the time of the accident the defendant Geico issued an automobile insurance policy to non-party Sether Kim (hereinafter referred to as "Sether").  At the time of the accident Sether Kim, the decedent's brother, was a member of the family household.  The defendant, Geico, may be liable to provide insurance coverage to the plaintiff for the injuries sustained by the decedent.

12.    The defendants, John Does 1-5 (said names being fictitious) (hereinafter referred to as "Doe" defendants) are individuals who may be liable to the plaintiff in that they contributed to the accident either directly or indirectly, or based upon vicarious liability.

13.    The defendants, XYZ Corps. 1-5 (said names being fictitious), are entities who may be liable to the plaintiff in that they may have contributed to the accident either directly, or indirectly, based upon vicarious liability.

**NON-PARTIES**

14.    Cynthia I. Travieso-Arce was a United States Postal Service employee at the time of the accident and was acting in the scope of her employment.

15.    Sether Kim was the decedent's brother and resided with the decedent, and their parents, at 316 Shaler Boulevard, Ridgefield, New Jersey, 07657.

**JURISDICTION AND VENUE**

16.  This action arises under 28 USC §2671 et seq.   According to the FTCA a

claim against a USA Governmental entity and/or employee must be

brought against the USA.  28 USC § 1346(b); 28 USC §2671 et seq. and

39 USC § 409. This Court has supplemental jurisdiction over all of the

other defendants.

17.  Venue is proper pursuant to 28 U.S.C. §1391(a)(1) because plaintiff's

decedent resided in this judicial district and the defendants are residents

of this state or conduct business in this State.

**FACTUAL BACKGROUND**

18.  Plaintiff's decedent Sarah Ye Eun Kim was born on December 26, 2000.

She was autistic.  Plaintiff's decedent resided at 316 Shaler Boulevard,

Ridgefield, New Jersey, 07657, with her parents Eun Jong Kim and Eun

Sook Park and her brother Sether Kim.

19.  Plaintiff 's decedent was a student at Slocum Skewes Elementary School,

Ridgefield, New Jersey.

20.  Plaintiff's decedent was a member of the American Wheat Mission

Church located in Ridgefield, New Jersey.

21.  On February 9, 2019 plaintiff's decedent attended a church function.

After the church function was concluded, a parent of another child drove

the decedent to her home and left her off at the intersection of

Pleasantview Terrace and Shaler Boulevard in Ridgefield, New Jersey. At the aforesaid intersection there was a marked yellow zone and signs indicating parking was prohibited.

22. On February 9, 2019 at approximately 4:00 p.m. plaintiff's decedent was crossing Shaler Boulevard from the western curb to the eastern curb at which time she was struck by the vehicle operated by the defendant Garcia.

23. By parking the U.S. Postal Service vehicle in a prohibited area the non-party Cynthia I. Travieso-Arce was negligent in that the U.S. Postal Service vehicle interfered with and obstructed the view of the plaintiff's decedent and motorists, and preventing plaintiff's decedent from making observations for oncoming traffic.

24. On February 9, 2019 plaintiff's decedent sustained catastrophic injuries including but not limited to pain and suffering.

25. On February 15, 2019, plaintiff's decedent died from her injuries.

26. The plaintiff, in compliance with the FTCA, filed an administrative claim with the U.S. Postal Service.

27. The claim filed with the U.S. Postal Service has been pending for more than six (6) months and accordingly plaintiff may now bring this action in the U.S. District Court.

28. As a proximate cause of Cynthia I. Travieso-Arce's negligence in parking

in a prohibited area and obstructing plaintiff's decedents' view, as well as the view of other motorists, Plaintiff's decedent sustained severe injuries resulting in her death.

WHEREFORE, plaintiff demands judgment against the defendant, United States of America, for the following relief:

a)      Damages;

b)      Costs;

c)      Interest;

d)      Such other relief as the Court deems just and proper.

## SECOND COUNT

## CLAIM AGAINST BEATRIZ GARCIA

29.   Plaintiff repeats the allegations of paragraphs 1-29 as if the same were more fully set forth at length herein.

30.   On February 9, 2019, the defendant, Garcia, was operating her motor vehicle in a southbound direction on Shaler Boulevard approaching the Pleasantview Terrace intersection.

31.   At the aforesaid time and place plaintiff's decedent was crossing Shaler Boulevard from the western curb to the eastern curb and was in the designated crosswalk.

32.   Defendant Garca operated her motor vehicle in a careless, negligent and

reckless manner in that she did not make proper observations, was
driving with excessive speed considering the surrounding circumstances,
did not make proper observations, and did not yield to a pedestrian in a
cross walk.

33.   As a proximate cause of the defendant Garcia's negligence, carelessness
and recklessness, Garcia caused here vehicle to strike plaintiff's decedent
resulting in catastrophic injuries which subsequently led to the plaintiff's
decedents' death.

34.   At the time of plaintiff's decedents death she was survived by her
parents, Eun Jong Kim and Eun Sook Park.

WHEREFORE, plaintiff demands judgment against the defendant, Beatriz
Garcia, for the following relief:

a)   Damages;

b)   Costs;

c)   Interest;

d)   Such other relief as the Court deems just and proper.

### THIRD COUNT

### CLAIM AGAINST PLYMOUTH ROCK ASSURANCE

35.   Plaintiff repeats the allegations of paragraphs 1-35 as if the same were
more fully set forth at length herein.

00191183 - 1                                  8

36.   On February 9, 2019, Plaintiff's decedent was a member of the household of her parents Eun Jong Kim and Eun Sook Park.

37.   At the time of the accident, defendant, Plymouth Rock had issued an automobile insurance policy that provided insurance coverage and benefits to the father Eun Jong Kim, and to members of his household, including but not limited to plaintiff's decedent.  Plaintiff  seeks all available insurance coverage, including underinsured motorist coverage. (UIM coverage)

38.   At the time of the aforesaid accident the defendant, Garcia, was insured by Geico with a policy of providing $15,000 of insurance coverage.

39.   At the time of the aforesaid accident the defendant, Plymouth Rock issued a policy of insurance that provided for $250,000 of UIM coverage.

40.   Plaintiff has made a demand upon Plymouth Rock to acknowledge and pay the UIM coverage pursuant to its policy.

WHEREFORE, plaintiff demands judgment against the defendant, Plymouth Rock Insurance Company, for the following relief:

a)   Damages;

b)   Costs;

c)   Interest;

d)   Such other relief as the Court deems just and proper.

00191183 - 1                                    9

## FOURTH COUNT

## CLAIM AGAINST GEICO INDEMNITY COMPANY

41.  Plaintiff repeats the allegations of paragraphs  -41 as if the same were more fully set forth at length herein.

42.  At the time of the aforesaid accident the decedent's brother, Sether Kim was a member of the household.  At the time of the accident Sether Kim was issued a automobile policy of insurance by the defendant, Geico.

43.  By this action plaintiff seeks a declaration that plaintiff's decedent is entitled to insurance coverage/benefits under the Geico policy that has been issued to Sether Kim, including but not limited to personal injury protection coverage. (PIP coverage)

WHEREFORE, plaintiff demands judgment against the defendant, Geico Insurance Company, for the following relief:

a)   Damages;

b)   Costs;

c)   Interest;

d)   Such other relief as the Court deems just and proper

## FOURTH COUNT

## CLAIM AGAINST JOHN DOES AND XYZ CORPS. DEFENDANTS

44.  Plaintiff repeats the allegations of paragraphs 1-44 as if the same were more fully set forth at length herein.

00191183 - 1

10

45.  The defendants John Does 1-5 and XYZ Corps. 1-5 are fictitious names of individuals and entities presently unknown to the plaintiff.

46.  The John Doe defendants and XYZ Corp defendants are either owners or operators of motor vehicles that proximately caused the plaintiff's decedent to sustain catastrophic injuries which led to her death.

47.  The John Doe defendants and XYZ Corp. defendants are individuals or businesses that share responsibility for the care and custody of the plaintiff's decedent.

48.  Plaintiff charges the John Doe defendants and XYZ Corp. defendants with negligence in their failure to properly care, supervise and control the plaintiff's decedent.

49.  As a result of the John Doe defendants' and XYZ Corp defendants' negligence, plaintiff's decedent was left unattended and was not given proper supervision in order to cross the intersection where the accident occurred.

50.  As a result of the John Doe defendants' and XYZ Corp. defendants' negligence, carelessness, and recklessness plaintiff's decedent sustained catastrophic injuries which resulted in her death.

WHEREFORE, plaintiff demands judgment against the defendants John Doe defendants' and XYZ Corp. for the following relief:

a)      Damages;

b)      Costs;

c)      Interest;

d)      Such other relief as the Court deems just and proper

FRANZBLAU DRATCH, P.C.
Attorneys for Plaintiff


By:    *Stephen N. Dratch*
       STEPHEN N. DRATCH

Dated:      February 28, 2020

## Certification

    I, Stephen N. Dratch, hereby certify that in accordance with L. Civ. R.

11.2 that the within matter is not the subject of any other litigation, arbitration

or administrative proceeding.

*Stephen N. Dratch*
STEPHEN N. DRATCH

Dated:      February 28, 2020